UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| **HARVEY EUGENE TAYLOR** ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:13-1314 |
| ] | Judge Sharp |
| **ERIC QUALLS, Warden** ] | |
|     Respondent. ] | |


## M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Charles Bass Correctional Complex in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Eric Qualls, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On August 20, 2009, the petitioner pled guilty in Davidson County to one count of rape. Docket Entry No.27-1 at pg.11. For this crime, he received a sentence of twelve (12) years in prison, to be served without the possibility of early release. *Id.* at pg.12. Having pled guilty, there was no direct appeal of the conviction taken by the petitioner.

The petitioner did, however, file a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. *Id.* at pgs.13-32. Counsel was appointed and the petitioner filed an

1

amended post-conviction petition. *Id.* at pgs.36-40. Following an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs.44-47.[1]

While an appeal of this ruling was pending, the petitioner filed a motion to re-open the post-conviction proceeding, alleging that newly discovered evidence (rape kit) established his innocence. Docket Entry No.27-9 at pgs.2-38. He also asserted his innocence in a petition for writ of error coram nobis. *Id.* at pgs.47-76.

The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.27-6. The Tennessee Supreme Court later chose not to grant the petitioner's request for additional post-conviction review. Docket Entry No.27-8.

In December, 2013, the trial court dismissed the petition for writ of error coram nobis as untimely. That court did not address the petitioner's motion to re-open post-conviction proceedings and no appeal of the error coram nobis ruling was taken. Docket Entry No.27-9 at pgs.179-181.

## II. Procedural History

On October 29, 2013, the petitioner initiated this action with

---

[1] While the petitioner's post-conviction petition was pending in the state trial court, he filed a petition for federal habeas corpus relief. Taylor v. Miller, No.3:12-0283 (M.D. Tenn.). That petition was denied and the action was dismissed without prejudice for failure to exhaust state court remedies. *Id.* at Docket Entry No.24.

2

the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). The petition contains three claims for relief. These claims include:

1) the petitioner was denied the effective assistance of counsel[2]
   a) failure to thoroughly investigate the facts, including the scientific evidence;
   b) misled the petitioner as to parole eligibility, thus resulting in an unknowing guilty plea; and

2) the petitioner is actually innocent of the crime.

Upon its receipt, the Court reviewed the petition and determined that it contained at least one colorable claim for relief. Rule 4, Rules --- § 2254 Cases. Accordingly, an order (Docket Entry No.15) was entered directing the respondent to file an answer, plead or otherwise respond to the petition.

Presently before the Court are the respondent's Answer (Docket Entry No.30) and the petitioner's Reply (Docket Entry No.31) to the Answer.

Having carefully considered the petition, respondent's Answer, petitioner's Reply and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545,550 (6th Cir.2003)(an evidentiary hearing is not required when the record conclusively

---

[2] The petitioner was represented by Katie Weiss Ladefoged, an Assistant Public Defender in Davidson County.

3

shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.) Actual Innocence**

The petitioner alleges as a free-standing claim that he is actually innocent of the crime despite his guilty plea (Claim No.2).

In order to sustain a claim for federal habeas corpus relief, the petitioner must set forth factual allegations suggesting that the fact or duration of his incarceration is in some way constitutionally defective. 28 U.S.C. § 2254(a); Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

"A claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390,404 (1993). Thus, a free-standing claim of actual innocence based on newly discovered evidence is not cognizable on federal habeas review. *Id.* at 506 U.S. 400; Cress v. Palmer, 484 F.3d 844,854-55 (6th Cir.2007).

**B.) Procedurally Defaulted Claim**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28

4

U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct.

The petitioner has alleged that his attorney was deficient for failing to thoroughly investigate the facts, including the scientific evidence (Claim No.1a). This claim was never offered to the state appellate courts for review. Docket Entry No.27-4; *see also* Docket Entry No.27-6.

Unfortunately, at this late date, the petitioner is no longer able to raise this particular claim in state court. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to this claim. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162

---

Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

(1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing of a reasonable probability that, but for counsel's ineffectiveness, he would not have pled guilty and would have, instead, insisted on going to trial. Hill v. Lockhart, 474 U.S. 52,59 (1985).

In his Reply to the respondent's Answer, the petitioner argues that cause for the procedural default of this claim rests with post-conviction counsel.[4] Docket Entry No.31 at pg.16. The Sixth Circuit has recently determined that the ineffectiveness of post-conviction counsel can be asserted as cause to excuse a prisoner's procedural default of a federal habeas claim that his trial counsel was constitutionally ineffective. Sutton v. Carpenter, 745 F.3d 787,795-96 (6th Cir.2014). Nevertheless, the Sutton decision does not relieve the petitioner of his obligation to also demonstrate

---

[4] During his post-conviction proceedings, the petitioner was represented by Ashley Denise Preston, a member of the Davidson County Bar.

prejudice and, in that regard, the petitioner has made no such showing.

As noted above, despite an absence of cause and/or prejudice, a procedural default may be excused with a showing of actual innocence. Murray v. Carrier, *supra* at 477 U.S. 495. The petitioner claims that he is actually innocent of the crime. To make the requisite showing, though, he must present evidence so strong that a court cannot have confidence in the outcome. McQuiggin v. Perkins, 133 S.Ct. 1924,1936 (2013).

In light of the petitioner's guilty plea, Docket Entry No.27-3, coupled with evidence that the petitioner's semen was found in the victim's underwear,[5] Docket Entry No.27-9 at pgs.27-29, the evidence of petitioner's innocence is not so strong as to overcome the procedural default of his ineffective assistance claim. Therefore, the procedural default of this claim is unexcused, and it will not support an award of habeas corpus relief.

**C.) Fully Exhausted Claim**

The remaining claim challenging the effectiveness of trial counsel for misleading him into believing that he would not have to serve 100% of his sentence (Claim No.1b) was considered by the state courts on the merits and has been fully exhausted. Docket Entry No.27-6.

---

[5] The victim was a 70 year old institutionalized woman who suffers from dementia.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. <u>Harrington v. Richter</u>, 131 S.Ct. 770,780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

The Sixth Amendment provides that a criminal defendant is

entitled to the effective assistance of counsel. <u>McMann v. Richardson</u>, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. <u>Mallett v. United States</u>, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner signed a plea agreement in which it clearly states that the sentence carried with it "no early release by parole". Docket Entry No.27-1 at pgs.8-9. The petitioner further acknowledged that "I believe my lawyer has done everything any lawyer could have done to represent me and I am satisfied with my legal representation and assistance in this matter. I have no problem communicating with my attorney". *Id.* at pg.9.

During his plea hearing, the petitioner told the judge that he understood he would receive "a sentence of twelve years at one hundred percent." Docket Entry No.27-3 at pg.4. He admitted going over the plea petition with counsel and also stated that he had no

questions for the court. *Id.* at pg.7.

At the post-conviction evidentiary hearing, the petitioner acknowledged hearing the judge tell him that, by accepting his plea, he would have to serve his sentence at one hundred percent. Docket Entry No.27-2 at pg.14. Finally, in his post-conviction appellate brief, the petitioner explained that he accepted the terms of the plea agreement for fear that he would be convicted with a more onerous sentence if he proceeded to trial. Docket Entry No.27-4 at pg.14.

Clearly, the petitioner did not enter his guilty plea because of misinformation he received from counsel. Counsel, therefore, was not deficient in this regard. Nor has the petitioner shown prejudice arising from an alleged mistake by counsel. For that reason, the state court finding that counsel had not been ineffective is not contrary to federal law.

## IV. Conclusion

The Court finds that petitioner's free-standing actual innocence claim (Claim No.2) is not cognizable in a federal habeas corpus proceeding. The petitioner did not properly exhaust his ineffective assistance claim (Claim No.1a) based upon the failure to thoroughly investigate the facts of the case. The remaining ineffective assistance claim (Claim No.1b) premised on the misleading advice of counsel has no merit.

Accordingly, having carefully reviewed the record, it appears

that the petitioner is not entitled to relief from his conviction.

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge